FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 APR -6 PM 12: 41

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Case No.:

6:17-CV-608-ORL-31-GJK

DENNIS DEBUSK, individually, and
on behalf of all those similarly situated,

    Plaintiff,

-vs-

QUINSTREET, INC., a Foreign Profit
Corporation d/b/a INSURE.COM,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Dennis Debusk (*hereinafter* "Plaintiff") brings this class action against Defendant, QUINSTREET, INC. d/b/a INSURE.COM (*hereinafter* "Defendant" or "INSURE.COM"), and other legal and equitable remedies, Defendant's negligent, knowing, and/or willful calls to Plaintiff and the Class on their cellular telephones without prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 (*hereinafter* referred to as the "TCPA").

## NATURE OF THE ACTION

1. This is a class action for damages under the Telephone Consumer Protection Act ("TCPA") resulting from Defendant's relentless debt collection calls using an automated telephone dialing system ("ATDS") and a pre-recorded voice ("robo-call").

2. The TCPA was enacted to protect consumers from unsolicited telephone calls like those described in this case, and the resulting annoyance and intrusion. In response to

[1601056/1]

Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone call activities to consumers as complained of herein and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

3.   Under the TCPA, both ATDS and robo-calls are unlawful when made to a cellphone, unless made with the recipient's prior express-written-consent.

4.   Importantly, it is Defendant's burden to demonstrate that Plaintiff provided his prior express consent within the meaning of the statute and that this consent was not revoked.

5.   The Federal Communications Commission (*hereinafter* FCC has explained that only consumers who "knowingly release their phone numbers to a business" will be deemed to have given prior express consent.

6.   The FCC further clarified that consumers are deemed to have consented to telemarketing calls only where they have "(a) clearly stated that the telemarketer may call, and (b) clearly expressed an understanding that the telemarketer's subsequent call will be made for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services."

7.   While telemarketing calls to residential lines are exempted where there exists an "established business relationship," no such exemption applies to telemarketing calls to cell phones. *See* 47 C.F.R. § 64.1200(f)(5).

8.   Defendant, INSURE.COM is a corporation that uses mass telemarketing to sell insurance policies and products.

9.   Unfortunately, INSURE.COM casts its marketing net without regard to the law. That is, in an attempt to promote its clients and sell products and services, INSURE.COM

[1601056/1]

conducts massive, nationwide, telemarketing campaigns, which are predicated on repeated telephone calls to consumer's cellular phones carried out using an ATDS, and made without the prior express written express consent of consumers.

10. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm, deprivation of rights, and cognizable legal injury. This includes the aggravation, nuisance and invasions of privacy that result from repeated calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls intentionally interfered with Plaintiff and the other Class members use and enjoyment of their cellphones, including the related data, software, and hardware components.

## PARTIES, JURISDICTION, AND VENUE

11. Plaintiff is a natural person and citizen of the State of Florida.

12. Defendant, QUINSTREET, INC. d/b/a INSURE.COM is a Foreign profit corporation organized and existing under the laws of Florida's Division of Corporation with its principal place of business located at 950 Tower Lane, 6th Floor, Foster City, CA 94404. Defendant, INSURE.COM does business throughout this District, the State of Florida, and nationwide.

13. This Court has federal question subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., which is a federal statute. Additionally, jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. §1332(d) et seq. ("CAFA") because the classes each consist of over one hundred (100) people, at least one Member of each class is from a State other than Florida (the state of

Defendant), and the amount in controversy exceeds five-thousand ($5,000,000). Further, none of the exceptions to CAFA's jurisdiction apply.

14. The Court has personal jurisdiction over Defendant because the conduct described in this Complaint occurred in, was directed to, and/or emanated from this District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

16. Defendant, INSURE.COM is a corporation that uses mass telemarketing to sell insurance policies and products across the United States.

17. Unfortunately for consumers, Defendant utilized (and continues to utilize) a sophisticated telephone dialing system to call cellular telephone users *en masse* for the purpose of promoting its services and products, often times calling consumers on their cellular phones.

18. Worse yet, Defendant calls these consumers using a pre-recorded message known as a robocall to initiate these solicitations, which is annoying and invasive for consumers but inexpensive for Defendant.

19. In Defendant's overzealous marketing attempts, it placed (and continues to place) phone calls to consumers who never provided consent to be called and to consumers with whom INSURE.COM had no prior dealings or relationship.

20. In its unfettered goal to generate profits, INSURE.COM has failed to appropriately segment its call list between landline and cell phone numbers and has called cell phone numbers with its auto-dialer and using a pre-recorded message, which is expressly prohibited by the Telephone Consumer Protection Act (TCPA).

21. INSURE.COM, or its agents acting on its behalf, use a variety of local phone numbers to make these unlawful sales calls to Plaintiff and the class of consumers.

22. Not surprisingly, these practices have led to significant complaints from consumers. Complaints from people who, like Plaintiff, received calls from Defendant:

Recent comments about 1-541-807-2412[1]

1-541-807-2412
Reported on Mar 16, 2017
Calling my phone number and asking for other members in my household... that don't share the same name. The person even had their name legally changed a while back but they are asking for their old name.

1-541-807-2412
Reported on Mar 15, 2017
I have them blocked and they still get thru! Auto insurance telemarketer :/

1-541-807-2412
Reported on Mar 14, 2017
Called yesterday and today! Didn't answer as I didn't recognize the phone number. Looked up number on White Pages to see that it is Scam or Fraud. Don't answer!

1-541-807-2412
Reported on Mar 14, 2017
I didn't answer because I didn't recognize the number. I looked it up on your reverse phone tab and learned that it was suspected Scam or Fraud. I have received 3-4 calls from this number.
1-541-807-2412
Reported on Mar 9, 2017
calls and hangs up
1-541-807-2412
Reported on Mar 7, 2017
insure.com
1-541-807-2412
Reported on Mar 3, 2017
these people keep calling me early in the morning waking me up and then hanging up I've blocked them now. I have no idea who they are or what they want.
1-541-807-2412
Reported on Mar 1, 2017
Called and said his name and that he was from insured.com. I don't know this website. I haven't signed up for anything so I am positive this was a telemarketer of some sort.
1-541-807-2412

---

[1] http://mrnumber.com/1-541-807-2412

|  | Reported on Feb 27, 2017 |

Call and hang up
1-541-807-2412

Reported on Feb 24, 2017

Insurance company wants information but won't provide any details to verify.

23. Furthermore, Defendant INSURE.COM, knowing that their relentless calls were illegal, attempted to conceal their identity by engaging in a practice known as caller ID spoofing.

24. Caller ID spoofing is the practice of causing the telephone network to indicate to the receiver of a call that the originator of the call is someone other than the true caller— the caller ID display will display a phone number different from that of the telephone from which the call was placed.

25. Caller ID spoofing is specifically prohibited under federal law.[2]

26. Defendant knowingly made (and continues to make) telemarketing calls without the prior express consent of the call recipients and knowingly continues to call them after requests to stop, all the while knowingly attempting to conceal its true identity through caller ID spoofing.

27. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

---

[2] 47 U.S.C. 227 (e)**PROHIBITION ON PROVISION OF INACCURATE CALLER IDENTIFICATION INFORMATION**
**(1) IN GENERAL**
It shall be unlawful for any person within the United States, in connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value, unless such transmission is exempted pursuant to paragraph (3)(B).
**(2) PROTECTION FOR BLOCKING CALLER IDENTIFICATION INFORMATION**
Nothing in this subsection may be construed to prevent or restrict any person from blocking the capability of any caller identification service to transmit caller identification information

[1601056/1]

## FACTS SPECIFIC TO PLAINTIFF DEBUSK

28. On or about February 24, 2017, Plaintiff Fallarino received a telephone call on his cellular telephone from 541-807-2412. When Plaintiff answered, he heard a pre-recorded robocall message stating that he could receive a loan for his business.

29. Plaintiff did not provide his cellular telephone number to Defendant or any of its agents and as such, did not provide any form of consent to be called by Defendant or its agents.

30. As a result of Defendant's intrusive call, which adversely affected Plaintiff's right to privacy, Plaintiff suffered harm in the form of monies paid to his wireless carrier.

31. Defendant was and is aware that the above-described telephone calls were being made either by it directly, or made on its behalf, and that the telephone calls were being made to consumers who had not consented to receive them.

## CLASS ALLEGATIONS

32. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(bX3) on behalf of himself and the Classes of similarly situated individuals defined as follows:

**Robocall class:** All persons in the United States who (1) received one or more telephone calls from Defendant on their cellular telephone; (2) from the last four (4) years; (3) that featured an artificial or pre-recorded voice; and (4) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call the Plaintiff.

**Autodialed Class:** All persons in the United States who (1) Defendant, INSURE.COM (or a third person acting on behalf of Aliant) called; (2) on the person's cellular telephone number using an automatic telephone dialing system; and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call the Plaintiff.

33. The following people are excluded from the Classes: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendant, Defendant's subsidiaries,

parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the Classes; 4) the legal representatives, successors, or assigns of any such excluded persons; and 5) Plaintiff's counsel and Defendant's counsel. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

34. **Numerosity**: The exact number of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Based on cursory research, information and belief, Defendant has made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be identified, and class membership ascertained, objectively through Defendant's records.

35. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

36. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions go to the heart of the case and predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   a. whether Defendant's conduct violated the TCPA;

    b. whether Defendant and or its agents made calls featuring an artificial or pre-recorded voice;

    c. whether Defendant and/or its agents systematically made phone calls to persons who did not previously provide Defendant and/or its agents with their prior express written consent to receive such phone calls; and

    d. whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

38. **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT I
## VIOLATION OF THE TCPA, 47 U.S.C. §227 ET SEQ.
(On behalf of Plaintiff and the Robocall Class)

Plaintiff reaffirms, realleges, and incorporates by reference the allegations in paragraphs 1 through 38 above as if fully set forth herein.

39. Defendant and/or its agents made unsolicited and unwanted telephone calls to the cellular telephone numbers belonging to Plaintiff and the other members of the Robocall Class without their prior written express consent for the purpose of selling policies of insurance.

40. Defendant and/or its agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Robocall Class using a prerecorded or artificial voice, more commonly known as a "robocall."

41. By making, or having made on its behalf, unsolicited robocalls utilizing an artificial or prerecorded voice to Plaintiff and the Robocall Class's telephones without prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(Axiii) and 47 U.S.C.§ 227(bXlXB). As a result of Defendant's illegal conduct, Plaintiff and the other members of the Robocall Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of five-hundred dollars ($500) in statutory damages for each violation of the act.

42. In the event that the Court determine that Defendant's misconduct was willful and knowing, the Court may treble the amount of statutory damages recoverable by Plaintiff and the other members of the Robocall Class.

[1601056/1]

## COUNT II
## VIOLATION OF THE TCPA, 47 U.S.C. §227 ET SEQ.
(On behalf of Plaintiff and the Autodialed Class)

Plaintiff reaffirms, realleges, and incorporates by reference the allegations in paragraphs 1 through 42 above as if fully set forth herein.

43. Defendant made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Class without their prior express written consent to receive such calls.

44. Defendant made the telephone calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

45. Defendant, either on its own and/or through its agents, utilized equipment that made the telephone calls to Plaintiff and other members of the Autodialed Class simultaneously and without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

46. By making, or having made on its behalf, the unsolicited telephone calls to Plaintiff and the Autodialed Class's cellular telephones without prior express consent, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. §227.

47. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones, and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of five-hundred dollars ($500.00) in damages for each such violation of the TCPA.

48. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227 (b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the autodialed Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dennis Debusk, individually and on behalf of the all those similarly situated hereby requests this Court to award the following relief:

a. An order certifying the Classes as defined above, appointing Plaintiff Dennis Debusk as the representative of the Classes, and appointing his counsel as Class Counsel;

b. An award of actual and statutory damages;

c. An injunction requiring Defendants to cease all unsolicited calling activities, and otherwise protecting the interests of the Classes;

d. An award of reasonable attorneys' fees and costs; and

e. Such other and further relief that the Court deems reasonable and just.

## JURY TRIAL REQUEST

Plaintiff respectfully requests a trial by jury on all claims so triable.

Respectfully submitted this ____ day of March, 2017, by:

ZEBERSKY PAYNE, LLP
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email: jshaw@zpllp.com
Secondary E-mail: mperez@zpllp.com

_____
JORDAN A. SHAW, ESQ.
Florida Bar No. 111771
EDWARD H. ZEBERSKY, ESQ.
Florida Bar No. 908370

[1601056/1]